**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUDITH M. BURCH,** | : | |
| Plaintiff | : | |
| v. | : | 05-CV-2032 |
| **PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE,** | : | **CHIEF JUDGE VANASKIE** |
| Defendant | : | |

**ORDER**

**October 19, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 6, 2005, plaintiff Judith M. Burch filed this pro se discrimination action against defendant Pennsylvania Department of Public Welfare, alleging discrimination on the basis of her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 et. seq. (Dkt. Entry 1.) Burch also filed an application for leave to proceed in forma pauperis. (Dkt. Entry 2.) Furthermore, Burch filed a motion for appointment of counsel. (Dkt. Entry 3.) Because the complaint will be dismissed for lack of subject matter jurisdiction based on the Commonwealth of Pennsylvania's sovereign immunity, Plaintiff's motion for leave to proceed in forma pauperis and for appointment of counsel will be dismissed as moot.

Burch alleges that the Department of Public Welfare discriminated and retaliated against

her due to her alleged disability, purportedly attributable to depression, anxiety, and frequent urination. Specifically, Burch asserts that once management learned that she was suffering from extreme depression and anxiety and was seeing a physician, they provoked and encouraged her fellow employees to harass and intimidate her. Burch contends that she was subject to harassment and that her co-workers misfiled her files, called her names, and pointed and screamed in her face. Burch alleges that while she reported these incidents to management, no action was taken.

The threshold issue presented in this matter is whether Burch may recover under the ADA for her discrimination and retaliation claims against a state agency in federal court. The Eleventh Amendment deprives federal courts of jurisdiction to entertain suits brought against a state or state agency by citizens of that state or other states. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). "The Eleventh Amendment's bar extends to suits against departments or agencies of the state having no existence apart from the state." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280 (1977)). A state's sovereign immunity can be waived or consented to by the state's unequivocal expression of consent to be sued in federal court. Pennhurst, 465 U.S. at 99.

In Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001), the Supreme Court held that Congress did not abrogate the states' Eleventh Amendment immunity

from suits under Title 1 of the ADA. Id. at 373-74.  See also Benn v. First Judicial District of Pennsylvania, ___ F.3d ___, 2005 WL 2511451 (3d Cir. Oct. 12, 2005).  Furthermore, Pennsylvania has not waived its sovereign immunity.  See 42 PA. CONS. STAT. ANN. § 8521(b).

In Scott v. Pennsylvania Dep't of Public Welfare, No. Civ. A. 02-3799, 2003 WL 22133799 (E.D. Pa. Aug. 28, 2003), the district court was required to decide an issue identical to the one presented here.  As in the instant case, the plaintiff in Scott filed a complaint against the Pennsylvania Department of Public Welfare asserting violations of the ADA.  The Scott court, citing Garrett, summarily concluded that the it "lack[ed] subject matter jurisdiction over any claim under Title I of the ADA against the defendant." 2003 WL 22133799 at *4.  Applying the relevant case law to the instant matter, it is clear that this Court is without jurisdiction to hear this matter.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Complaint (Dkt. Entry 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. Entry 2) is **DISMISSED** as **MOOT**.

3. Plaintiff's Motion to Appoint Counsel (Dkt. Entry 3) is **DISMISSED** as **MOOT**.

4. The Clerk of Court is directed to mark this case **CLOSED**.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania